## SAMUEL GOTTLIEB, PLAINTIFF, v. FRANK UZZOLINO AND WILLIAM PRAKAPAS, DEFENDANTS.

Decided July 5, 1933.

For the rule, *McDermott & Finegold.*

Opposed, *Quinn, Parsons & Doremus.*

LAWRENCE, C. C. J.   This was an accident case involving injuries to the plaintiff, who was riding as a passenger in the taxi of defendant Uzzolino, when it came into collision with the automobile of the defendant Prakapas.   The jury returned a verdict in favor of plaintiff for $4,283.   Under the rule taken out by Uzzolino, it was argued that the jury erred in failing to find the plaintiff guilty of contributory negligence, and that the damages awarded were excessive.   It was urged that the evidence disclosed that plaintiff although aware of the excessive speed of the Uzzolino car for a considerable distance away from the scene of the accident did nothing to warn the driver that he must reduce the speed, but allowed it to be maintained to the place where the collision occurred.   The question of plaintiff's contributory negligence was left by the court in the charge to the jury and it was evidently found that plaintiff was not properly to be so charged.   In so finding, it is not perceived that it was erroneous under the evidence. Just what plaintiff could have done in the circumstances is not made clear by counsel for defendant.   Plaintiff was a passenger in Uzzolino's car and had no authority or control over the driver, and it did not necessarily follow that the speed

at which the car was being driven was such as to convey to plaintiff the idea that Uzzolino would fail to observe the approach of the Prakapas car at the place of the accident; such failure, it would seem, was the proximate cause of the collision. There is no suggestion that plaintiff either observed the approach of the colliding car at a time when by warning Uzzolino the accident would have been avoided, or that his failure to do so was a contributing factor. The fact, therefore, that plaintiff failed to exercise any control over Uzzolino or suggest to him that he should reduce the speed of his car did not apparently appeal to the jury as of such factual importance as to justify finding plaintiff guilty of contributory negligence. The idea that a passenger is under a duty in such circumstances does not find any general support in the appellate courts. In any event, the question was left to the jury and in finding adversely to defendant both on the issue of defendant's negligence and the claimed contributory negligence of plaintiff it cannot be said that the result was contrary to the weight of the evidence.

It was also argued that the amount awarded plaintiff was excessive.

While the extent of the injuries received by plaintiff in the accident was sharply questioned at the trial, the jury could have found that they were of some severity and that his medical and hospital expenses were as claimed. It was not so clear, however, that his loss of earnings was as great as asserted. The proofs in this respect were inadequate and unsatisfactory and without substantial corroboration. He was a baker by trade and apparently carried on a delivery business, claimed by him to produce a sizable annual gross revenue, but there was evidence tending to indicate that it was not as successful as claimed, while that relating to his real profits was tenuous to an appreciable degree. If plaintiff, in the circumstances, consents to accept $3,683, the rule to show cause will be discharged, otherwise it will be made absolute as to damages only.